UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHILIP EMIABATA, | ) | 3:18-CV-02057 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SETON HEALTHCARE FAMILY, *d/b/a* | ) | |
| *Dell Seton Medical Center at the* | ) | |
| *University of Texas*, INSTITUTE OF | ) | |
| RECONSTRUCTIVE PLASTIC | ) | |
| SURGERY, JAMES R. CULLINGTON, | ) | |
| M.D., and SANJAY SHARMA, M.D.,[1] | ) | |
| *Defendants*. | ) | MAY 5, 2020 |

**MEMORANDUM OF DECISION**

Kari A. Dooley, United States District Judge

This action involves a claim for medical malpractice initiated by the self-represented plaintiff, Philip Emiabata, (the "Plaintiff") against his health care providers, Seton Healthcare Family (d/b/a Dell Seton Medical Center at the University of Texas) ("Seton Medical"), Institute of Reconstructive Plastic Surgery, Dr. James R. Cullington, and Dr. Sanjay Sharma (collectively, the "Defendants"). All of the Defendants have filed motions seeking dismissal pursuant to Rule 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure on the bases that the Court lacks personal jurisdiction over them and there was insufficient service of process. They further assert that dismissal is warranted because the Plaintiff failed to comply with Conn. Gen. Stat. § 52-190a and obtain a certificate of good faith before bringing suit. Because of the interrelated nature of the motions, the Court issues a single memorandum of decision. For the reasons set forth herein, the motions to dismiss are GRANTED.

---

[1] The Plaintiff identified the fourth defendant as Dr. Shar in his complaint. This appears to be a typographical error. Seton Medical does not employ a Dr. Sanjay Shar, but it does employ a Dr. Sanjay Sharma. To avoid confusion, the Court refers to Dr. Sharma by his proper name in this decision.

**Background**

Solely for purposes of resolving the motions to dismiss, the Court accepts the allegations in the Complaint as true. The factual allegations are as follows. In or about 2017, the Plaintiff began experiencing localized pain in his hand. (Compl. at ¶ 16; *see also id.* at ¶ 18.) His primary care physician referred him to Dr. Cullington, who works at Seton Medical in Texas. (*Id.* at ¶ 17.) On December 14, 2017, Dr. Cullington performed surgery on the Plaintiff's hands at Seton Medical's facility in Austin, Texas. (*Id.* at ¶¶ 18, 21, 34.) The Plaintiff alleges that as a result of this surgery he lost the ability to use his left hand. (*Id.* at ¶ 27.) When physical therapy failed to help the Plaintiff, Dr. Cullington referred him to Dr. Sharma, who works for the Institute of Reconstructive Plastic Surgery. (*Id.*; *see also id.* at ¶ 14.) In or about June of 2018, the Plaintiff set up an appointment with Dr. Sharma concerning the continued issues with his left hand. (*Id.* at ¶ 27.) Dr. Sharma refused, however, to conduct a second surgery on the Plaintiff's hand. (*Id.*)

On December 14, 2018, the Plaintiff, representing himself, filed a complaint in this Court, which asserts a single claim against all of the Defendants for medical malpractice. On April 16, 2019, the Court issued notice to the Plaintiff that this matter would be dismissed if he did not file proof of service within thirty days. (ECF No. 6.) This deadline was extended, and, eventually, the Plaintiff filed what purported to be proof of service on the Defendants. (ECF No. 14.) The Defendants appeared in this matter on September 20, 2019, and, on October 11, 2019, they filed the instant motions to dismiss.[2] On November 6, 2019, the Plaintiff filed a motion for extension of time within which to respond to the motions, which the Court granted giving the Plaintiff until January 6, 2020 to file his opposition. Nonetheless, the Plaintiff has not filed an opposition to the motions to dismiss and the time for doing so has long since expired.

---

[2] The Defendants inadvertently filed only their supporting memoranda of law on October 11, 2019. They filed the accompanying motions on October 16, 2019.

**Discussion**

The Defendants move to dismiss the Complaint for lack personal jurisdiction, insufficient service of process, and failure to obtain a certificate of good faith prior to bringing this medical malpractice action, as required by Conn. Gen. Stat. § 52-190a.  Because the Court agrees that it lacks personal jurisdiction over the Defendants, it need not reach the Defendants alternative bases for dismissal.

When a defendant challenges the court's personal jurisdiction under Rule 12(b)(2), the "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003) (per curiam).  Because neither party sought to conduct discovery or requested an evidentiary hearing, the Plaintiff need make only a *prima facie* showing of jurisdiction through his own pleadings and supporting affidavits.  *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010).  In deciding a 12(b)(2) motion to dismiss, a court must "construe the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor." *Id.*  (quoting *Porina v. Marward Shipping Co.,* 521 F.3d 122, 126 (2d Cir. 2008)).

For a court to exercise personal jurisdiction over a defendant, (1) state law must authorize personal jurisdiction and (2) the exercise of jurisdiction must comport with constitutional due process principles.  *Reich v. Lopez*, 858 F.3d 55, 62 (2d Cir. 2017) (general jurisdiction); *Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.*, 264 F.3d 32, 37 (2d Cir. 2001) (specific jurisdiction).  "The first inquiry must be whether [Connecticut's] long-arm statute authorizes the exercise of jurisdiction under the particular facts of this case.  Only if [the court] find[s] the statute to be applicable do[es] [it] reach the question whether it would offend due process to assert jurisdiction." *West World Media, LLC v. Ikamobile Ltd.*, 809 F. Supp. 2d 26, 30

(D. Conn. 2011) (quoting *Lombard Bros., Inc. v. Gen. Asset Mgmt. Co*., 190 Conn. 245, 250 (1983)) (alterations omitted). It is readily apparent that personal jurisdiction is lacking in this case as a matter of state statutory law and federal constitutional law.

**Connecticut Law**

Connecticut's long-arm statute with respect to nonresident individuals provides, in relevant part, that a court can exercise personal jurisdiction over a non-resident individual who:

> (1) Transacts any business within the state; (2) commits a tortious act within the state. . . . ; (3) commits a tortious act outside the state causing injury to person or property within the state. . . . ; [or] (4) owns, uses or possesses any real property situated within the state. . . .

Conn. Gen. Stat. § 52-59b(a).

Connecticut's long-arm statute with respect to foreign corporations provides, in relevant part, that the court can exercise personal jurisdiction over a foreign corporation for any causes of action arising:

> (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; . . . or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

Conn. Gen. Stat. § 33-929(f). There is no personal jurisdiction over any of the Defendants under either of these statutes.

With respect to Dr. Cullington and Dr. Sharma, there is no allegation that either physician has ever transacted business in Connecticut, committed a tort in Connecticut, committed a tort that caused injury to someone within Connecticut, or owned, used or possessed real property in Connecticut. To the contrary, both physicians have submitted sworn affidavits attesting that they reside in Texas and that Texas is the only state in which they have a medical license and practice

medicine. (Cullington Aff. at ¶¶ 5, 7; Sharma Aff. at ¶¶ 5, 7.) They further attest that they have never resided in Connecticut, they do not practice medicine in Connecticut, they did not meet or treat the Plaintiff in Connecticut, they never solicited, advertised or maintained a referral service for patients in Connecticut, and they do not own, lease or possess real property in Connecticut. (Cullington Aff. at ¶¶ 8–9, 11–14; Sharma Aff. at ¶¶ 8–9, 11–14.) These representations are consistent with the allegations in the Complaint, which make clear that Dr. Cullington and Dr. Sharma are Texas-based physicians who treated the Plaintiff while he resided Texas.[3] Accordingly, the Court does not have personal jurisdiction over Dr. Cullington and Dr. Sharma pursuant to Section 52-59b.

With respect to Seton Medical and the Institute of Reconstructive Plastic Surgery (the "corporate defendants"), first, the alleged tortious conduct occurred in Texas. Second, the office manager for the corporate defendants has submitted a sworn affidavit attesting that the corporate defendants provide medical care only in Texas. (Seton Medical Aff. at ¶ 5; Institute of Reconstructive Plastic Surgery Aff. at ¶ 5.) Neither corporation solicits, advertises or does business in Connecticut, nor do they have a formal referral program in Connecticut. (Seton Medical Aff. at ¶¶ 6–7; Institute of Reconstructive Plastic Surgery Aff. at ¶¶ 6–7.) The Plaintiff has made no effort to rebut these sworn representations. The Plaintiff does allege in the Complaint

---

[3] The Court has significant doubt as to whether the Plaintiff was a Connecticut resident at the time this action was filed or is even now. The Plaintiff and his wife have filed several cases in this District in the last two years. Judge Bolden previously detailed the evidence that tended to suggest that the Plaintiff's wife "was a Texas resident until at least spring of 2019," such as mailings that listed a Texas return address. *Emiabata v. Farmers Ins. Corp. Ins. Co.*, No.:18-cv-01817 (VAB), 2019 WL 3716513, at *4 & n.3 (D. Conn. Aug. 7, 2019). This Court has similarly received mailings with a Texas return address, as recently as January 16, 2020. *Emiabata et al v. Bank of N.Y. Mellon Trust Co., Nat'l Assoc.*, No. 19-cv-01507, ECF No. 33-1 (D. Conn. Jan. 16, 2020). The Plaintiff has also previously represented that his wife had eye surgery in Texas on January 14, 2020 and that they have been staying in Texas while she recovers. *Emiabata et al v. Bank of N.Y. Mellon Trust Co., Nat'l Assoc.*, No. 19-cv-01507, ECF No. 44 at 2 (D. Conn. Feb. 24, 2020); *see also In re Emiabata*, No. 19-cv-01797, ECF No. 11 at 1–2 (D. Conn. Feb. 10, 2020).
Notwithstanding the Court's concerns in this regard, the Court accepts for the time being the Plaintiff's representation that he currently resides in Connecticut and, therefore, diversity jurisdiction exists.

that the corporate defendants conduct business throughout the United States, including Connecticut. (Compl. at ¶¶ 5, 7.)  Allegations in a complaint are accepted as true, however, only to the extent that they are uncontroverted by a defendant's affidavit.  *See Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993) ("The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." [citation omitted; internal quotation marks omitted]), *as amended* (May 25, 1993); *Huff v. Chandris SA*, No. 93-cv-06685 (SS), 1994 WL 414467, at *1 (S.D.N.Y. Aug. 8, 1994) ("The complaint's allegations must be taken as true to the extent they are uncontroverted by the defendant's affidavits. . . .") (Sotomayor, J.).  Because the Plaintiff has not submitted a conflicting affidavit, the Court does not, and need not, accept the Plaintiff's unsubstantiated assertion that the corporate defendants conduct business throughout the United States or, more particularly, in Connecticut.

In sum, the Plaintiff has failed to make out a *prima facie* case that the Court has personal jurisdiction over any of the Defendants under Connecticut's long-arm statutes.

**Due Process**

Even if the Plaintiff's pleadings made *prima facie* showing of personal jurisdiction under Connecticut's long-arm statutes, the allegations do not establish that the Court's exercise of personal jurisdiction would comport with the requirements of due process.

For the Court's exercise of personal jurisdiction to satisfy due process, the non-resident must have sufficient "minimum contacts" with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted).  "[T]he requisite 'minimum contacts' must be such

that [the] [d]efendant can 'reasonably anticipate' being haled into court in the forum state—importantly, 'it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Vertrue Inc. v. Meshkin*, 429 F. Supp. 2d 479, 495 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "If a defendant has sufficient minimum contacts . . . [the court] must also determine whether the exercise of personal jurisdiction is reasonable under the Due Process Clause." *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 730 (2d Cir. 2012).[4]

"In order for a . . . court to exercise specific jurisdiction, the *suit* must arise out of or relate to the defendant's contacts with the *forum*. In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. For this reason, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (alternations omitted; citations omitted; internal quotation marks omitted).

Here, this case does not arise out of any activity or occurrence within the State of Connecticut or any other connection between the Defendants and Connecticut. Indeed, the Defendants only connection to Connecticut is the Plaintiff, who allegedly moved here after the events giving rise to this lawsuit. "Due process requires that a defendant be haled into court in a

---

[4] There are two types of personal jurisdiction: general and specific. General jurisdiction is plainly lacking in this case. Dr. Cullington and Dr. Sharma are domiciled in Texas, and the corporate defendants are Texas corporations with a principal place of business in Texas. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home."); *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018) ("Aside from the truly exceptional case, a corporation is at home and subject to general jurisdiction only in its place of incorporation or principal place of business." [alteration omitted; citation omitted; internal quotation marks omitted]).

7

forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).[5]

Accordingly, the motions to dismiss are granted.

**Conclusion**

For the reasons set forth herein, the motions to dismiss [ECF Nos. 22–25] are GRANTED. The Clerk of Court is directed to close this matter.

**SO ORDERED** at Bridgeport, Connecticut, this 5th day of May 2020.

    */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[5] Because the Court concludes that minimum contacts are lacking, it need not determine whether exercising personal jurisdiction over the Defendants would satisfy the Fourteenth Amendment's "reasonableness" requirement.